GENOVEVA CARMEN GEORGINA MARTÍNEZ Y PECUNIA ET AL., Appellants, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 746. Submitted January 17, 1929.—Decided April 8, 1929.

*Enrique Báez García* for the appellants.

MR. JUSTICE ALDREY delivered the opinion of the court.

The six joint owners of a rural property executed a public deed to dissolve the community with one of them and to

that end stated in the deed that the value of the property was $1,610; that one of them had in it a joint interest of four-sevenths valued at $920; that the other five had a joint interest of three-sevenths valued at $690, and that they were dividing the property into two portions, allotting one to the joint owner of four-sevenths and the other to the five remaining owners *pro indiviso*. The five joint owners presented that deed in the registry of property with an internal revenue stamp for $5 for recording in their names the portion of the property allotted to them; but the registrar returned the document to them because the joint owners had refused to pay him $6 more in internal revenue stamps required to complete the total amount of fees charged for recording the joint interests in favor of the five joint owners, inasmuch as the value of the divided property of the community, or the principal property, was $1,610, corresponding to each joint owner the sum of $2 in revenue stamps on his individual joint interest of $138 under No. 5 of the schedule of fees, as the principal property exceeded $1,000 in value. This administrative appeal was taken from that decision.

Act No. 32 of November 30, 1917, amending an Act assigning salaries to the registrars of property, provides in No. 5 of the schedule of fees that for each record or entry and corresponding marginal notes not embraced in the preceding numbers there shall be charged the fixed amount established therein, it appearing that for long records or entries $2 shall be collected for each property or right of a value between $100 and $200. It is said at the end of this schedule that when the value of the property or right does not exceed $1,000 and was acquired by several persons *pro indiviso* the recording fee shall not be collected from each person, but on the total sum of the value of the interests and in such proportion as may correspond to each person.

According to that schedule each joint owner must pay in proportion to the value of his joint interest, unless the total value of the property to be recorded *pro indiviso* does not

exceed one thousand dollars, in which case the charge shall be on the total value of the interests. In this case the total value of the joint interests sought to be recorded is $690, or less than $1,000; therefore, according to the exception contained in the schedule, the recording fee shall not be collected from each person, but in proportion to the total sum of those values. The registrar bases his demand for the additional sum of $6 on the fact that the value of the principal property from which the segregation is made exceeds $1,000, and therefore he is of the opinion that the exception has no application.

It is true that the value of the original property is $1,610 and undoubtedly it was in accordance with that value that the fees under the schedule were collected when the property was recorded in favor of the six joint owners; but now it is not sought to record that property but a portion of it as a new property in favor of the five appellants, wherefore the total value of the portion sought to be recorded is what must be taken into account for collecting the fees, and as that value is $690, the recording fees can not be collected from each joint owner, but on the total value of the property or right sought to be recorded. The opinion of the Attorney General relied on by the registrar (Opinions of the Attorney General of Porto Rico, Vol. IX of 1920, p. 83) is not applicable to this case, because that case referred to the sale of a property valued at $1,100 to four persons as joint owners.

The decision appealed from must be reversed and the registrar should proceed in accordance with this opinion.